JUSTICES OF THE COUNTY COURT OF LINCOLN COUNTY (UNITED STATES v.). See Case No. 15,503.

JUSTICES OF THE PEACE (BRENT v.). See Case No. 1,840.

---

## Case No. 7,589.

### JUSTI PON v. The ARBUSTCI.

### FAIRBANKS et al. v. SAME.

[23 Betts, D. C. MS. 86; 6 Am. Law Reg. 511; 38 Hunt. Mer. Mag. 712.] [1]

District Court, S. D. New York. Dec., 1857.

MARITIME LIENS—PRIORITY — MORTGAGE FOR REPAIRS—LOSS OF GOODS—PRACTICE IN ADMIRALTY—PETITION.

[1. A mortgage on a vessel for labor and material furnished in her home port in fitting her for a voyage. notice whereof is entered on the register, is inferior to the lien arising upon the loss of goods shipped during the voyage.]

[Cited in The St. Joseph; Case No. 12,229.]

[2. A proceeding by petition against the proceeds of property charged with a maritime lien is a proper method of invoking the admiralty jurisdiction.]

[This was a libel by Justi Pon and Ransom Palanca against the proceeds of the brig Arbustci for loss of cargo. Petition of Fairbanks & Co. against the same to recover upon a mortgage.]

---

[1] [6 Am. Law Reg. 511, and 38 Hunt. Mer. Mag. 712, contain only condensed reports.]

BETTS, District Judge. There are remnants of the proceeds of the vessel remaining in the registry of the court after satisfaction of decrees for seamen's wages and the amount of a bottomry bond rendered under suits in this court upon which the vessel has been sold. She was an English vessel, owned in Nova Scotia, and there fitted out for a voyage to New York, thence to Tampico in Mexico, and back to New York. This voyage she performed. Two classes of petitioners contest their priority of right to this fund, the demands of each exceeding its entire amount. Fairbanks & Co. hold a mortgage executed in Nova Scotia to secure a debt incurred for the outfit and supplies of the vessel for the said voyage. Notice of the mortgage security was entered on her register. Pon & Co. hold a bill of lading executed by the master of the brig at Tampico for an affreightment of specie to New York, laden on board her at that place, but never delivered at the port of destination. This last claim was a clear maritime lien upon the vessel. The Gold Hunter [Case No. 5,513]; The Phoebe [Id. 11,064]; The Waldo [Id. 17,056]; New Jersey Steam Nav. Co. v. Merchants' Bank of Boston, 6 How. [47 U. S.] 344. Contradictory claims to monies in court, resting upon demands of a maritime character, can be prosecuted in admiralty, and a proceeding by petition against proceeds of property charged with a maritime lien, is a proper method of invoking and exercising the jurisdiction of the court in such matters. Andrews v. Wall, 3 How. [44 U. S.] 568. The mortgagees have a competent legal capacity to litigate their rights to the fund representing the vessel (Pratt v. Reed, 19 How. [60 U. S.] 359), although the court could give him no direct remedy against the ship by way of foreclosure of this mortgage or otherwise (Bogart v. The John Jay, 17 How. [58 U. S.] 399; Conk. Adm. Prac. 47–51). The libellants then are clothed in this instance with a priority of privilege in respect to the fund in court in having a positive lien on the vessel which could be enforced by action against her whilst the remedy of Fairbanks & Co. in admiralty under their mortgage consists only in an equity to the remnants of the proceeds remaining in the registry after satisfaction of maritime liens to which the vessel was subject. The proceeds are equally with the ship bound in kind to the lien creditor. and may be attached by process in rem in his favor. [Andrews v. Wall] 3 How. [44 U. S.] 573. And the court acts upon petition against proceeds to the same effect as on their arrest by process. Id.

I do not think the principle changed if in this case the foundation of the mortgage security was, as is alleged, a debt of a maritime character, accruing for labor and articles furnished by the mortgagee in fitting the vessel for sea. The mortgagee could claim no priority in the scale of privileges supposing the hypothecation by mortgage

amounted to a lien, if, indeed, his position would be as advantageous as that of an unsecured material man, since he, by his contract, left the vessel in possession of his debtor, and thus liable to subsequent maritime liens resulting from her employment by the mortgagor; and here the after freighter, who supplied cargo to enable her to prosecute the voyage she was put upon, and thus promoted the interests of her owner and of the mortgagee or existing lien creditors, might forcibly claim that his equity to the fund is paramount to that of such antecedent mortgage security. It is clear that had the ship gone into possession of the mortgagee under that encumbrance, and had afterwards taken on board the shipment in question, she would have been subject to a lien for its value, and there is no legal reason shown for securing them a privilege against this charge when leaving the ship in possession of the mortgagee superior to what she could claim if placed where she belonged, in the hands of the mortgagees.

In my opinion, the libellants are entitled to priority of payment out of the funds in court, as against the petition of the mortgagees.